ROGER L. GRANDGENETT II, ESQ., Bar # 6323
TIMOTHY W. ROEHRS, ESQ., Bar # 9668
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
Email:         rgrandgenett@littler.com
Email:         troehrs@littler.com

Attorneys for Defendant
DOUBLE P CORPORATION OF ILLINOIS, D/B/A AUNTIE
ANNE'S PRETZELS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA OJEDA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLE P CORPORATION OF ILLINOIS, a Foreign Corporation, d/b/a Auntie Anne's Pretzels; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendant. | Case No. 2:17-cv-02544-GMN-PAL<br><br><br>**STIPULATION AND ORDER TO STAY DISCOVERY** |

Plaintiff BRENDA OJEDA ("Plaintiff") and Defendant DOUBLE P CORPORATION OF ILLINOIS, D/B/A AUNTIE ANNE'S PRETZELS ("Defendant") (collectively referred to as the "parties"), by and through their undersigned counsel, hereby stipulate and request that to the Court issue an order staying discovery until the Court has ruled on Defendant's Motion to Dismiss, which is fully briefed and pending before the Court.   Docket No(s). 9, 11-12.

In support of this stipulation and request, the parties state as follows:

I.      **BACKGROUND.**

Plaintiff's Complaint, which was filed on September 29, 2017, brought claims for pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et*

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

*seq.* and Nevada state law, NRS 613.310 *et seq.*; retaliation under Title VII; negligent hiring, supervision and/or training; and intentional infliction of emotional distress. Docket No. 1. On November 6, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint in its entirety arguing that Plaintiff failed to plead plausible causes of action in her Complaint and that several of Plaintiff's causes of action are subject to dismissal on the basis of either preemption or the failure to exhaust her administrative remedies. Docket No. 9. Plaintiff opposed Defendant's Motion to Dismiss on November 20, 2017. Docket No. 11. That Motion has been fully briefed before the Court since Defendant filed its Reply brief on November 27, 2017.

As a case raising a claim under Title VII of the Civil Rights Act of 1964 this case constitutes an "employment-discrimination" action, which must be assigned to the Court's Early Neutral Evaluation ("ENE") Program pursuant to the Local Rules of this Court. LR 16-6(a). The Court has not yet assigned this case to the Court's Early Neutral Evaluation Program. The parties request that this stipulation also serve as notice pursuant to LR 16-6(b) that this case should be assigned to the Early Neutral Evaluation Program.

The parties held their Fed. R. Civ. P. 26(f) Conference on December 6, 2017, which presently renders the parties' Stipulated Discovery Plan and Scheduling Order due to be filed on December 20, 2017, pursuant to LR 26-1(a). Also, during the 26(f) Conference, the parties' stipulated that their Fed. R. Civ. P. 26(a)(1) Initial Disclosures would be exchanged by January 10, 2018 or seven (7) days before the date the Court sets for the ENE Session in the case, whichever is earlier.

The parties agree that they will provide Fed. R. Civ. P. 26(a)(1) disclosures by the above-stated deadline. But the parties request that the Court otherwise issue a stay of discovery and continue the deadline for the parties' Stipulated Discovery Plan and Scheduling Order pending the disposition of Defendant's Motion to Dismiss. The parties agree that if the Court issues this stay of discovery, they will submit a Stipulated Discovery Plan and Scheduling Order within 14 days of the Court's order on that Motion if the Court does not order that Plaintiff's Complaint dismissed in its entirety, with prejudice. The parties also request that the Court proceed with assigning the case to the Court's Early Neutral Evaluation Program, notwithstanding their request for a stay of

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

discovery.

## II.     A STAY OF DISCOVERY IS WARRANTED.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); s*ee also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) ("Discovery is expensive.").

In assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. at 603. This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted, given the objectives of Rule 1. *Id.* The court employs a two part test in determining whether to stay the discovery when a dispositive motion is pending: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

Here, Defendant's Motion to Dismiss is potentially dispositive of the entire case as it requests dismissal with prejudice of each of Plaintiff's causes of action. In its Motion to Dismiss and Reply supporting that motion, Defendant contends that Plaintiff failed to plead and cannot plead sufficient facts to state a plausible claims for each of the causes of action in Plaintiff's Complaint, that several of Plaintiff's causes of action should be dismissed on the basis that they are preempted or because Plaintiff failed to exhaust administrative remedies, and that Plaintiff should not be granted leave to amend her Complaint.  Docket No(s) 9, 12.  Additionally, the parties agree that additional discovery is not necessary for the Court to rule on Defendant's Motion to Dismiss.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Plaintiff disputes the legal arguments made in Defendant's Motion to Dismiss and has filed an Opposition. Docket No. 11. However, the parties agree that Defendant's Motion is the type warranting a stay of discovery.

The parties agree that this requested stay of discovery will further the goals of judicial economy and the potential more inexpensive determination of this case. The parties look forward to the case's assignment to the Court's Early Neutral Evaluation Program and would like to devote their resources and efforts towards preparation for that ENE Session rather than on discovery – and any potential discovery disputes that may develop - that may ultimately be rendered unnecessary, if the parties are able to reach a resolution at the ENE or if Defendant's Motion to Dismiss is granted with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Accordingly, the parties respectfully request that the Court stay discovery until an order has been issued on Defendant's Motion to Dismiss. The parties further request that the deadline for the party's Stipulated Discovery Plan and Scheduling Order be continued until 14 days after the Court's order on this Motion, if that order does not result in Plaintiff's Complaint being dismissed in its entirety, with prejudice.

Dated: December 13, 2017

Respectfully submitted,


/s/ Kyle R. Tatum
PATRICK W. KANG, ESQ.
KYLE R. TATUM, ESQ.
KANG & ASSOCIATES, PLLC

Attorney for Plaintiff
BRENDA OJEDA

Dated: December 13, 2017

Respectfully submitted,


/s/ Timothy W. Roehrs
ROGER L. GRANDGENETT II, ESQ.
TIMOTHY W. ROEHRS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
DOUBLE P CORPORATION OF ILLINOIS,
D/B/A AUNTIE ANNE'S PRETZELS


**ORDER**

**IT IS SO ORDERED.**

Dated: _____February 2_____, 2018.


_____
UNITED STATES MAGISTRATE JUDGE

Firmwide:151667078.1 095471.1001

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800